ALD-116                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2387
_____

DAMON ELLIOT, A Real Man,
Appearing In Propria Personam, As a Living Being,
                                                            Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-19-cv-19111)
District Judge:  Robert B. Kugler
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 11, 2021

Before:  MCKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: May 25, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Damon Elliot appeals pro se from the District Court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's order.

I.

In 1997, a jury sitting in the United States District Court for the District of Maryland found Elliot guilty of aggravated sexual assault. The District Court sentenced him to a term of 189 months' imprisonment, followed by five years' supervised release.[1] Upon review, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. Elliot later returned to the District of Maryland and filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court denied relief and the Fourth Circuit denied his request for a certificate of appealability. Elliot then unsuccessfully pursued relief in the District Court through a number of motions construed as unauthorized second or successive § 2255 motions.

In October 2019, Elliot filed a § 2241 habeas petition in the District of New Jersey, where he is incarcerated. In his petition, Elliot essentially claimed that his trial attorney provided ineffective assistance by: (1) representing him without his authorization at trial, on direct appeal, and in his initial § 2255 motion; and (2) failing to

---

[1] Although Elliot has completed his term of imprisonment, he has not yet begun to serve his term of supervised release. He remains imprisoned because of an additional conviction, the details of which are familiar to the parties.

object at trial "to the speedy trial violation, <u>Brady</u> violation, jury instructions, and to the Government witness (Pamela Cochran) testimony and exhibits," and failing to raise these errors on direct appeal or in his initial § 2255 motion. Pet. ¶¶ 10(c), 14, ECF No. 6.

The District Court screened the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases and concluded that Elliot's claims did not qualify for § 2255 "safety valve" relief via § 2241. Therefore, the District Court dismissed the petition for lack of jurisdiction.

Elliot appealed. After he filed his brief, which included a request for appointment of counsel, the Government moved for summary affirmance, <u>see</u> 3d Cir. L.A.R. 27.4, and to be relieved from filing a brief, <u>see id.</u> 31.2. Elliot opposes the Government's motion and again moves for appointment of counsel.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. <u>See</u> <u>Ruggiano v. Reish</u>, 307 F.3d 121, 126-27 (3d Cir. 2002). We may summarily affirm when no substantial question is presented by an appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

A motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. <u>Okereke v.</u>

3

United States, 307 F.3d 117, 120 (3d Cir. 2002). "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (per curiam) (quoting § 2255(e)). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. This exception is narrow and applies in only rare circumstances.[2] See In re Dorsainvil, 119 F.3d at 251–52.

The District Court correctly concluded that Elliot's claims do not fit within the narrow class for which a § 2255 motion would be inadequate or ineffective. Elliot contends that his attorneys provided ineffective assistance throughout his trial, appeal, and first § 2255 proceedings. A motion under § 2255 is the appropriate means to challenge the constitutionality of his detention based on ineffective assistance of counsel; a § 2255 motion is not "inadequate or ineffective" merely because Elliot cannot meet the stringent gatekeeping requirements of § 2255(h).[3] See Okereke, 307 F.3d at 120.

---

[2] This Court has recognized only one situation in which the exception applies: when a court's subsequent statutory interpretation renders the defendant's conduct no longer criminal and he did not have an earlier opportunity to raise the claim. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017); In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997).

[3] Elliot also made a bare assertion that he is actually innocent. He did not include any further explanation or support for this claim, and he did not demonstrate that he was entitled to § 2241 relief on this basis.

IV.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's order.  The Government's motion to be relieved from filing a brief is granted.  Elliot's motions for appointment of counsel are denied.